IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

TAMARA L. OLIVER

    Debtor(s)

Ronda J. Winnecour
Chapter 13 Trustee,
    Movant
  vs.
No Respondents.

Case No.:20-22982

Chapter 13

Document No.:

**CHAPTER 13 TRUSTEE'S MOTION FOR DISCHARGE OF DEBTOR
AND APPROVAL OF TRUSTEE'S REPORT OF RECEIPTS AND DISBURSEMENTS**

Ronda J. Winnecour, Chapter 13 Trustee, respectfully represents the following:

1. The plan was confirmed in this Chapter 13 case, and the undersigned served as Trustee.

2. The Trustee has examined the terms of the confirmed Chapter 13 plan, the history of payments to creditors and the claims filed in this Chapter 13 case. The Trustee now recommends that the Court treat this Chapter 13 case as complete.

3. Attached hereto, please find the **Trustee's Report of Receipts and Disbursements** in this case.

4. After all distribution checks have been negotiated or funds deposited into the Court's registry, the Trustee's office will file **UST FORM 13-FR-S: Chapter 13 Standing Trustee's Final Report and Account** (the "Final Report"). Upon submission of the Final Report, the Trustee asks the Court to discharge her from her duties in this case and close this case.

**Wherefore**, the Trustee requests that the Court,

1. Grant the Debtor(s) a discharge pursuant to Section 1328(a) of the Bankruptcy Code,
2. Approve the Trustee's Report of Receipts and Disbursements,
3. Terminate wage attachments,
4. Revest property of the estate in the debtor(s), and
5. Enter a final decree and close this case.

December 23, 2025

/s/ Ronda J. Winnecour
RONDA J WINNECOUR PA ID #30399
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA 15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

## TRUSTEE'S REPORT OF RECEIPTS AND DISBURSEMENTS

Ronda J. Winnecour, Trustee for the above case, submits the following report pursuant to 11 USC 1302 (b) (1).

1. The case was filed on 10/20/2020 and confirmed on 12/8/20 . The case was subsequently Completed After Confirmation

2. The Trustee made the following disbursements.

| | | |
|---|---:|---:|
| Total Receipts | | 83,641.00 |
| Less Refunds to Debtor | 0.00 | |
| TOTAL AMOUNT OF PLAN FUND | | 83,641.00 |
| Administrative Fees | | |
|     Filing Fee | 0.00 | |
|     Notice Fee | 0.00 | |
|     Attorney Fee | 6,200.00 | |
|     Trustee Fee | 4,249.24 | |
|     Court Ordered Automotive Insurance | 0.00 | |
| TOTAL ADMINISTRATIVE FEES | | 10,449.24 |

| Creditor Type / Creditor Name | Claim Amount | Prin Paid | Int Paid | Total Paid |
|---|---:|---:|---:|---:|
| **Secured** | | | | |
| LAKEVIEW LOAN SERVICING LLC   Acct: 9034 | 50,485.04 | 50,485.04 | 0.00 | 50,485.04 |
| LAKEVIEW LOAN SERVICING LLC   Acct: 9034 | 0.00 | 0.00 | 0.00 | 0.00 |
| QUANTUM3 GROUP LLC - AGENT AQUA F   Acct: 5997 | 0.00 | 0.00 | 0.00 | 0.00 |
| FIRST NATIONAL BANK OF PA(*)   Acct: 3845 | 14,339.39 | 14,339.39 | 2,191.26 | 16,530.65 |
| | | | | 67,015.69 |
| **Priority** | | | | |
| BRYAN P KEENAN ESQ   Acct: | 0.00 | 0.00 | 0.00 | 0.00 |
| TAMARA L. OLIVER   Acct: | 0.00 | 0.00 | 0.00 | 0.00 |
| BRYAN P KEENAN & ASSOCIATES PC   Acct: | 0.00 | 0.00 | 0.00 | 0.00 |
| BRYAN P KEENAN & ASSOCIATES PC   Acct: | 3,500.00 | 3,500.00 | 0.00 | 0.00 |
| BRYAN P KEENAN ESQ   Acct: XXXXXXXXXXXXXXXXXXXXXXXXXXXXX2/25 | 2,700.00 | 2,700.00 | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE*   Acct: 1917 | 6,176.07 | 6,176.07 | 0.00 | 6,176.07 |
| | | | | 6,176.07 |
| **Unsecured** | | | | |
| BANK OF AMERICA NA**   Acct: 7235 | 2,495.40 | 0.00 | 0.00 | 0.00 |
| CAPITAL ONE BANK (USA) NA BY AMERIC   Acct: 7453 | 3,732.41 | 0.00 | 0.00 | 0.00 |
| CAPITAL ONE BANK (USA) NA BY AMERIC   Acct: 1120 | 1,948.60 | 0.00 | 0.00 | 0.00 |
| JPMORGAN CHASE BANK NA S/B/M/T CH   Acct: 1885 | 5,284.26 | 0.00 | 0.00 | 0.00 |
| CITIBANK NA** | 835.08 | 0.00 | 0.00 | 0.00 |

| Creditor Type   Creditor Name | Claim Amount | Prin Paid | Int Paid | Total Paid |
|---|---:|---:|---:|---:|
| Unsecured | | | | |
|     Acct: 8693 | | | | |
|   RESURGENT RECEIVABLES LLC | 2,535.00 | 0.00 | 0.00 | 0.00 |
|     Acct: 7878 | | | | |
|   DISCOVER BANK(*) | 8,854.82 | 0.00 | 0.00 | 0.00 |
|     Acct: 4154 | | | | |
|   CITIZENS BANK NA** | 19,364.05 | 0.00 | 0.00 | 0.00 |
|     Acct: 3762 | | | | |
|   HSBC BANK | 0.00 | 0.00 | 0.00 | 0.00 |
|     Acct: 1089 | | | | |
|   INTERNAL REVENUE SERVICE* | 20,565.05 | 0.00 | 0.00 | 0.00 |
|     Acct: 1917 | | | | |
|   NAVIENT SOLUTIONS LLC O/B/O ASCEND | 41,976.43 | 0.00 | 0.00 | 0.00 |
|     Acct: 1917 | | | | |
|   LVNV FUNDING LLC | 328.52 | 0.00 | 0.00 | 0.00 |
|     Acct: 5638 | | | | |
|   PRA RECEIVABLES MANAGEMENT LLC - / | 237.98 | 0.00 | 0.00 | 0.00 |
|     Acct: 3657 | | | | |
|   PORTFOLIO RECOVERY ASSOCIATES LL( | 1,321.93 | 0.00 | 0.00 | 0.00 |
|     Acct: 5319 | | | | |
|   PORTFOLIO RECOVERY ASSOCIATES LL( | 4,494.33 | 0.00 | 0.00 | 0.00 |
|     Acct: 9084 | | | | |
|   UNIVERSITY OF PGH PHYSICIAN++ | 0.00 | 0.00 | 0.00 | 0.00 |
|     Acct: | | | | |
|   UPMC HEALTH SERVICES | 858.01 | 0.00 | 0.00 | 0.00 |
|     Acct: 1917 | | | | |
|   UPMC PHYSICIAN SERVICES | 220.00 | 0.00 | 0.00 | 0.00 |
|     Acct: 1917 | | | | |
|   LVNV FUNDING LLC | 0.00 | 0.00 | 0.00 | 0.00 |
|     Acct: 2566 | | | | |
|   DUQUESNE LIGHT COMPANY(*) | 131.91 | 0.00 | 0.00 | 0.00 |
|     Acct: 1988 | | | | |
|   SYNCHRONY BANK** | 0.00 | 0.00 | 0.00 | 0.00 |
|     Acct: 9084 | | | | |
|   BERNSTEIN BURKLEY PC | 0.00 | 0.00 | 0.00 | 0.00 |
|     Acct: | | | | |
|   KML LAW GROUP PC* | 0.00 | 0.00 | 0.00 | 0.00 |
|     Acct: | | | | |
|   BROCK & SCOTT PLLC* | 0.00 | 0.00 | 0.00 | 0.00 |
|     Acct: | | | | |

***N O N E***

| | |
|---|---:|
| TOTAL PAID TO CREDITORS | 73,191.76 |
| TOTAL CLAIMED | |
|   PRIORITY | 6,176.07 |
|   SECURED | 64,824.43 |
|   UNSECURED | 115,183.78 |

Date: 12/23/2025

/s/ Ronda J. Winnecour
RONDA J WINNECOUR PA ID #30399
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:
    TAMARA L. OLIVER

        Debtor(s)

  Ronda J. Winnecour
       Movant
      vs.
  No Repondents.

Case No.:20-22982

Chapter 13

Document No.:

ORDER OF COURT

  AND NOW, this _____day of _____, 20____, upon consideration of the **Chapter 13 Trustee's Motion for Discharge of Debtor and Approval of Trustee's Report of Receipts and Disbursements**, and following notice to the creditors and an opportunity to be heard, it is hereby **ORDERED, ADJUDGED** and **DECREED**, as follows:

    (1). This Court finds that the Chapter 13 plan, as supplemented by any and all amendments, has been fully and finally completed.

    (2). The debtor(s) is/are entitled to and shall receive a discharge in this case pursuant to Section 1328(a) of the Bankruptcy Code.

    (3). To the extent not previously terminated, the wage attachment(s) issued in this case is/are immediately terminated and the debtor(s) shall serve a copy of this order on any affected employer(s).

    (4). Property of the estate hereby revests in the debtor(s).  This revestment of property is free and clear of any and all claims or interests except as otherwise treated in the plan or in the Order confirming the Plan. All restrictions of the debtor(s)' use of the property of the estate is hereby terminated.

    (5). Each and every creditor is bound by the provisions of the completed plan, whether or not the claim of such creditor is provided for in the Plan, and whether or not such creditor has objected to, has accepted or rejected the plan. All mortgage and other secured debts provided for by the Plan are hereby found to be cured of any and all monetary defaults as of the payment date for which the Trustee last made a distribution, and no additional interest, late fees or penalties may be assessed for time periods or payments due prior to that date.

    (6). After all distribution checks have been negotiated or funds deposited into the Court's registry, the Trustee shall file UST Form 13-FR-S: Chapter 13 Standing Trustee's Final Report and Account (the "Final Report"). Upon submission of the Final Report, the Trustee is discharged from her duties in this case and the case will be closed.

 

BY THE COURT:

_____
U.S. BANKRUPTCY JUDGE